UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH LEE WALKER,

    Plaintiff,

v.                              Case No. 3:18-cv-693-J-32JBT

JULIE JONES, Secretary,
Florida Department of
Corrections, et al.,

    Defendants.
_____

**<u>ORDER</u>**

Plaintiff, an inmate of the Florida penal system proceeding in forma pauperis (Doc. 7), initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He names the following individuals as Defendants: (1) Julie Jones, Secretary of the Florida Department of Corrections (FDOC); (2) Warden F. Fock; (3) Major Boston; (4) Captain McGee; (5) Lieutenant Malia; (6) Dennis A. Vilchez; (7) Dr. Errol E. Campbell; and (8) Dr. Alexis Figueroa. Plaintiff asserts claims under the Eighth Amendment for deliberate indifference and under Florida statutory and common law for negligence. As relief, he seeks compensatory and punitive damages.

Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(b), which provides that the Court may dismiss a complaint that, among other reasons, fails to

state a claim upon which relief may be granted. Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth his claims sufficiently to enable the Court to engage in a proper review and to enable Defendants to respond to the claims. Thus, if Plaintiff desires to proceed with his claims, he must file an amended complaint.

Specifically, Plaintiff's claims are unclear, as are the actions or omissions of each named Defendant. Plaintiff asserts two claims: one for medical negligence and/or deliberate indifference to serious medical needs, and one for deliberate indifference to a risk of harm based on a failure to protect him from an inmate attack.[1] His allegations with respect to each claim, however, are not separately discussed but are presented in a long narrative, starting in the body of the complaint form and continuing on separate exhibits. In addition, facts that appear to relate to Claim 1 are included in the discussion of Claim 2. Thus, the Court is unable to understand the sequence of events, the relevant facts, and the individual claims.

---

[1] Plaintiff asks the Court to exercise its supplemental jurisdiction over his state law negligence claim. Plaintiff is advised that a claim for medical negligence under Florida law requires a plaintiff to complete, and allege compliance with, a rigorous presuit notice requirement. Plaintiff does not allege compliance with the relevant requirement. See, e.g., Fla. Stat. §§ 766. 104, 766.106.

To proceed, Plaintiff must file an amended complaint on the enclosed civil rights complaint form and in compliance with federal pleading standards. Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Plaintiff is advised that a viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: the conduct complained of was committed by a person acting under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff is advised that supervisory liability has been rejected as a theory of recovery under 42 U.S.C. § 1983. Thus, a defendant who holds a supervisory position or is not directly involved in day-to-day operations of the institution, such as a warden or the FDOC Secretary, may not be held liable simply because a correctional institution staff member violated an inmate's constitutional rights. Although personal participation is

not specifically required for liability under § 1983, there must be a causal connection between the defendant named and the injury sustained, and that causal connection must be more than the title or job description the supervisory official holds. Plaintiff is further advised that allegations of medical negligence, including negligent diagnosis or treatment, do not state a valid claim for deliberate indifference under the Eighth Amendment.

If Plaintiff chooses to file an amended complaint, he should assess his case and name as Defendants only those individuals allegedly responsible for violating his federal constitutional rights. As such, he must identify only the responsible individuals as Defendants. Plaintiff must also adhere to the following instructions.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be

stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[2]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.[3]

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this

---

[2] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

[3] Plaintiff is advised that "[t]he [Prison Litigation Reform Act (PLRA)] places substantial restrictions on the judicial relief that prisoners can seek, with the goal of 'reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints.'" Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011)). Section 1997e(e) of the PLRA provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The statute does not define "physical injury," but the Eleventh Circuit has clarified that, "in order to satisfy section 1997e(e), the physical injury must be more than de minimis, but need not be significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir.1999), opinion reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000). While compensatory and punitive damages are precluded in the absence of a more than de minimis physical injury, "nominal damages may still be recoverable." Al-Amin, 637 F.3d at 1198.

5

> complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The **Clerk** shall send Plaintiff a civil rights complaint form. By **October 22, 2018,** Plaintiff must complete the form, following the instructions provided in this Order and on the form, and mail the amended complaint to the Court for filing. Also by **October 22, 2018,** Plaintiff must mail to the Court one copy of the amended complaint (including exhibits)[4] for each named defendant. Failure to comply may result in the dismissal of this case.

---

[4] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

6

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of September, 2018.

*[signature]*
JOEL B. TOOMEY
United States Magistrate Judge

Jax-6
c:
Kenneth Lee Walker, #Y16271